UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| LEONARDO DIAS MATOSO de SOUZA LIMA,<br><br>  Petitioner,<br><br>  v.<br><br>MICHAEL NESSINGER, *et al.*,<br><br>  Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 1:26-cv-00165-MSM-AEM |

## ORDER

Mary S. McElroy, United States District Judge.

Before the Court is Leonardo Dias Matoso de Souza Lima's Petition for Writ of Habeas Corpus.  (ECF No. 8.)  Mr. de Souza Lima is a Brazilian citizen who initially entered the United States in 2021, was removed, entered a second time, and was released in 2022 on an Order of Supervision ("OSUP").  *Id.* ¶ 16.  He has been detained by United States Immigration and Customs Enforcement ("ICE") since March 9, 2026, when ICE revoked his OSUP.  *Id.* ¶¶ 1–2, 18.  His Petition alleges that ICE failed to follow its regulations by providing him adequate notice and a meaningful opportunity to respond to the reasons for its revocation of his Order of Supervision. *Id.* ¶¶ 39–47.  For the following reasons, the Court agrees, and GRANTS his Petition.

Under 8 U.S.C. § 1231(a)(1)(A), the Department of Homeland Security ("DHS") generally has 90 days after a noncitizen is ordered removed to secure that removal. *Bulle v. Wesling*, No. 26-cv-019-JJM-AEM, 2026 WL 183840, at *1 (D.R.I. Jan. 23,

2026) (quoting *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022)).  After that 90-day removal period expires, DHS may release the noncitizen on an OSUP.  Should ICE later seek to re-detain the noncitizen, its regulations require "(1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Kong v. United States*, 62 F.4th 608, 619 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2)).  ICE's regulations further require that it "(1) notify the noncitizen 'of the reasons for revocation'; (2) 'conduct an initial informal interview promptly after . . . return to [ICE] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification'; and (3) permit the noncitizen to 'submit any evidence or information' to show that there is no 'significant likelihood' of removal in the reasonably foreseeable future,' or that the noncitizen 'has not violated the order of supervision.'" *Bulle*, 2026 WL 183840, at *2 (quoting *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2444087, at *4 (D. Md. Aug. 25, 2025)) (alterations in original); 8 C.F.R. § 241.13(i)(3).

Here, Respondents argue that Mr. de Souza Lima received both adequate notice and the informal interview required by 8 C.F.R. § 241.13.  But the notice provided to Mr. de Souza Lima merely informed him that the reason for DHS's revocation of his OSUP was that "[t]he purposes of release have been served."  (ECF No. 5-3 at 1.)  Although 8 C.F.R. § 241.4(l) provides that supervised release may be revoked if an appropriate official determines that "the purposes of release have been served," in these circumstances ICE must inform the noncitizen of the "reasons as to

*why* the purposes of release [have] been served or *why* it [is] appropriate to enforce [the noncitizen's] removal order now" to constitute adequate notice. *Deng v. Nessinger*, No. 26-CV-113-JJM-AEM, 2026 WL 643198, at *4 (D.R.I. Mar. 9, 2026) (emphasis in original). Absent those specific reasons, Mr. de Souza Lima lacked "any meaningful opportunity to challenge the revocation at his post-detention 'informal interview.'" *See id; see also Perez-Escobar v. Moniz*, 792 F. Supp. 3d 224, 226 (D. Mass. 2025). ICE's failure to provide adequate notice thus violated his due process rights. *See Hall v. Nessinger*, No. 25-cv-667, 2026 WL 18583, at *7 (D.R.I. Jan. 2, 2026).

ICE's failure to follow its own regulations and the resulting violation of Mr. de Souza Lima's due process rights renders its action invalid. *See id.* at *9. The appropriate remedy is thus to order his immediate release, subject to the conditions of his preexisting OSUP. *See id.*; *Deng*, 2026 WL 643198, at *5; *Bulle*, 2026 WL 183840, at *9.[1]

Accordingly, the Court GRANTS Mr. de Souza Lima's Petition (ECF No. 8). Respondents are ORDERED to release Mr. de Souza Lima immediately, subject to

---

[1] Respondents' other arguments against Mr. de Souza Lima's Petition are unavailing. First, as discussed in *Hall* and *Deng*, the presumptive reasonableness of a six-month period of detention, as found by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), applies in circumstances implicating ICE's authority to detain a noncitizen "in the first place upon an issuance of a final order of removal," and not to challenges to ICE's subsequent revocation of supervised release. *Hall*, 2026 WL 18583, at *6; *Deng*, 2026 WL 643198, at *3. Second, whether Respondents would otherwise have authority to detain him during his ongoing administrative proceedings is irrelevant as to the question of whether its revocation of his supervised release was valid in the first place.

the conditions of his preexisting Order of Supervision.  The Court permits the

Petitioner's transfer to effectuate his release and the return of his property.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

May 28, 2026

4